This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39030

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**OMAR ROMERO,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions for aggravated battery and tampering with evidence. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant briefly maintains that there is insufficient evidence supporting his convictions because of the inconsistent testimony provided by the eyewitnesses regarding the outfit the perpetrator was wearing at the time of the incident. As support, he cites *State v. Sanders*, 1994-NMSC-043, ¶ 13, 117 N.M. 452, 872 P.2d 870, for the

proposition that "[t]estimony by a witness whom the fact[-]finder has believed may be rejected by an appellate court only if there is a physical impossibility that the statements are true or the falsity of the statement is apparent without resort to inferences or deductions." Nothing in the inconsistencies identified by Defendant rise to the level of a physical impossibility or render any of the testimony patently false, and accordingly we conclude Defendant's convictions were supported by sufficient evidence. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 ("[A]ppellate courts do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." (internal quotation marks and citation omitted)).

**{3}** Defendant also briefly argues that his due process rights were violated by the inadequate translation services provided to him and that his trial counsel was ineffective for failing to "persuade the jury of the contradictions and inconsistencies in the witnesses' testimony, and to ensure that [Defendant] received adequate translation services at trial." [MIO 7] Defendant fails to point out any error with respect to our proposed conclusion regarding his translation services. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

**{4}** With respect to his remaining ineffective assistance of counsel claim, Defendant has failed to carry his burden to establish his attorney acted unreasonably by merely asserting that his counsel's performance was deficient because he did not win his case. *See State v. Hester*, 1999-NMSC-020, ¶ 16, 127 N.M. 218, 979 P.2d 729 ("The mere fact that the defense was not successful does not equate to a finding of ineffective assistance of counsel."); *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M. 719, 204 P.3d 44 (stating that "the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense"); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Defendant is free to pursue his ineffective assistance of counsel claim in a habeas corpus proceeding. *See State v. Bernal*, 2006-NMSC-050, ¶ 36, 140 N.M. 644, 146 P.3d 289.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm Defendant's conviction.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**